UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-cv-24717-BLOOM

MICHAEL FELIX,

    Plaintiff,
v.

ANGEL E. SIERRA, *et al.*,

    Defendants.
_____/

## SCREENING ORDER

**THIS CAUSE** is before the Court on Plaintiff ("Plaintiff") Michael Felix's *pro se* civil rights Complaint under 42 U.S.C. § 1983, ECF No. [1], and Motion for Leave to Proceed *in forma pauperis*, ECF No. [3]. In the Complaint, Plaintiff raises construed claims of Fourteenth Amendment Due Process, Fourteenth Amendment Excessive Force, and Eighth Amendment Excessive Bail against four prosecutors, two judges, the Miami-Dade State Attorney's Office, and the State of Florida.[1] *See generally* ECF No. [1] at 1-12. Because Plaintiff is a *pro se* litigant who has not paid the required filing fee, the screening provisions of 28 U.S.C. § 1915(e) apply. Under the statute, the Court shall dismiss a suit "at any time if [it] determines that . . . (B) the action or appeal . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Upon application of the screening provisions, the Court finds the Complaint suffers from multiple deficiencies and is due to be dismissed.

---

[1] Plaintiff also raises a claim under § 818.08, Florida Statutes (2023). *See* ECF No. [1] at 4. However, § 818.08 is a criminal statute and does not provide private citizens with a cause of action.

## I. BACKGROUND

Plaintiff is a pretrial detainee confined in Miami, Florida. *See* ECF No. [1] at 2.[2] He brings this civil rights action against the following eight Defendants: (1) Angel E. Sierra, Assistant State Attorney; (2) Kristen A. Rodriguez, Assistant State Attorney; (3) Michael T. Strozier, Assistant State Attorney; (4) Tyler W. Cass, Assistant State Attorney; (5) The Honorable Ariana Fajardo Orshan of the Eleventh Judicial Circuit Court of Florida; (6) The Honorable Ariel Rodriguez of the Eleventh Judicial Circuit Court of Florida; (7) the Miami-Dade State Attorney's Office; and (8) the State of Florida. *See id.* at 2-4.

The allegations substantiating Plaintiff's claims are remarkably brief. *See generally id.* at 5-12. On October 4, 2022, in Miami, Florida, unidentified individuals "chased down[,]" "tased," and "incarcerated" Plaintiff "for no reason[.]" *Id.* at 6. Plaintiff permanently lost all vision in his left eye as result of the October 4, 2022, incident. *See id.* Plaintiff makes no factual allegations against any of the Complaint's eight Defendants. *See generally id.* at 5-12. For his injuries, Plaintiff seeks $13,500,000.00 in damages.

## II. LEGAL STANDARDS

To state a claim for relief, a pleading must contain: "(1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought[.]" Fed. R. Civ. P. 8(a). "A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). More importantly, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S.

---

[2] The Court uses the pagination generated by the electronic CM/ECF database, which appears in the headers of all court filings.

544, 570 (2007)). The complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests[.]" *Twombly*, 550 U.S. at 555 (alteration adopted; citation and quotation marks omitted).

Courts must "construe *pro se* pleadings liberally, holding them to a less stringent standard than those drafted by attorneys." *Arrington v. Green*, 757 F. App'x 796, 797 (11th Cir. 2018) (citing *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003)). Still, a *pro se* party must abide by "the relevant law and rules of court, including the Federal Rules of Civil Procedure." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

### III. DISCUSSION

The Complaint suffers from several deficiencies that compel its dismissal. First, Plaintiff fails to state a claim against any of the Defendants named in the Complaint. Second, all the Complaint's Defendants are improper. Third, Plaintiff's Eighth Amendment excessive bail claim is not cognizable in a § 1983 action. Finally, Plaintiff has not paid the filing fee or submitted a proper motion to proceed *in forma pauperis*. Each deficiency is addressed below.

#### A.     Failure to State a Claim

The Complaint's most glaring deficiency is its failure to allege any factual matter against its eight Defendants. A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Because Plaintiff alleges no facts against any of the Defendants, he fails to state a claim; therefore, the Complaint is subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii).

### B.     Improper Defendants

Even if Plaintiff plausibly alleged facts to state a claim against any of the Defendants, this action would still be subject to dismissal because all the Complaint's Defendants are improper. Six of the Complaint's eight Defendants are either prosecutors or judges; however, these groups are not amenable to suit in a § 1983 action. The remaining Defendants are the State and the Miami-Dade State Attorney's Office; both Defendants are immune from monetary damage suits under the Eleventh Amendment. The Court explains its reasoning in greater detail below.

#### 1.     *Prosecutor and Judges*

Prosecutors and judges are typically immune from suit for executing their roles in a judicial proceeding. *See Imbler v. Pachtman*, 424 U.S. 409, 431 (1976) ("We hold only that in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." (footnote call number omitted)); *McCullough v. Finley*, 907 F.3d 1324, 1330 (11th Cir. 2018) ("A judge enjoys absolute immunity from suit for judicial acts performed within the jurisdiction of h[er] court." (citations omitted)).

Exceptions apply to both types of immunity. For example, prosecutors are not entitled to absolute immunity "when they perform the investigative functions normally performed by detectives or police officers" or "when they sign sworn statements attesting to facts that provide the basis for a search warrant." *Khan v. Rundle*, No. 05-23123-Civ, 2006 WL 8433478, at *2-3 (S.D. Fla. Mar. 2, 2006) (citations omitted), *aff'd sub nom. Khan v. Fernandez-Rundle*, 287 F. App'x 50 (11th Cir. 2007). And an exception to judicial immunity exists when a judge acts in "clear absence of all jurisdiction over the subject-matter." *Bradley v. Fisher*, 80 U.S. 335, 336 (1871); *see also Stump v. Sparkman*, 435 U.S. 349, 356 (1978) (stating the scope of the judge's

4

jurisdiction must be construed broadly where the issue is the immunity of the judge). But Plaintiff has not alleged any facts supporting such exceptions here. *See generally* ECF No. [1] at 5-12.

### 2. *The State of Florida and its Agencies*

Plaintiff cannot seek monetary damages from the State of Florida or the Miami-Dade State Attorney's Office. The Eleventh Amendment is an absolute bar to actions for monetary damages by an individual against a state or its agencies. *See Edelman v. Jordan*, 415 U.S. 651, 662–63 (1974) ("While the [Eleventh] Amendment by its terms does not bar suits against a State by its own citizens, this Court has consistently held that an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." (citations omitted)). The State of Florida has not waived its immunity and Congress has not expressly abrogated state immunity in § 1983 cases of this type. *See Zatler v. Wainwright*, 802 F.2d 397, 400 (11th Cir. 1986) ("It is clear that Congress did not intend to abrogate a state's eleventh amendment immunity in [§] 1983 damage suits[,] . . . [and] Florida's limited waiver of sovereign immunity was not intended to encompass [§] 1983 suits for damages." (citations and footnote call number omitted)). Therefore, Plaintiff's claims for monetary damages against the State of Florida or the Miami-Dade State Attorney's Office are barred by the Eleventh Amendment.

In sum, the instant Complaint is also subject to dismissal under 28 U.S.C. section 1915(e)(2)(B)(iii) because Plaintiff seeks monetary damages from Defendant immune from such relief.

### C. **Improper Claim**

To the extent Plaintiff seeks to challenge his "excessive bail[,]" a § 1983 complaint is the incorrect vehicle to raise such a challenge. ECF No. [1] at 4. "[A] prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement.'" *Wilkinson v. Dotson*,

544 U.S. 74, 78 (2005) (citations omitted; quoting *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973); other citations omitted). Such claims are more appropriately brought in a petition for writ of habeas corpus under 28 U.S.C. § 2241. *See Bradley v. Pryor*, 305 F.3d 1287, 1289 (11th Cir. 2002) ("[H]abeas corpus [rather than § 1983] is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release." (citing *Preiser v. Rodriguez*, 411 U.S. 475, 487-90 (1973))); *Hughes v. Att'y Gen. of Fla.*, 377 F.3d 1258, 1261 (11th Cir. 2004) ("[B]ecause this petition for habeas relief is a pre[]trial petition it would only be properly asserted pursuant to 28 U.S.C. § 2241." (citations omitted)).

However, even if the Court were to construe the Complaint as a § 2241 petition, it would be subject to dismissal under *Younger v. Harris*, 401 U.S. 37 (1971). *See United States v. Jordan*, 915 F.2d 622, 624-25 (11th Cir. 1990) ("Federal courts have long recognized that they have an obligation to look behind the label of a motion filed by a *pro se* inmate and determine whether the motion is, in effect, cognizable under a different remedial statutory framework." (citation omitted)). Under 28 U.S.C. § 2241, a state pretrial detainee may file a petition for writ of habeas corpus in a federal district court if "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Nevertheless, a federal court must dismiss a § 2241 petition challenging a state-court pretrial detainee's criminal charges when principles of equity, comity, and federalism counsel abstention in deference to ongoing state court proceedings. *See Younger*, 401 U.S. at 43-44.

*Younger* abstention applies "when (1) the proceedings constitute an ongoing state judicial proceeding, (2) the proceedings implicate important state interests, and (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges." *Christman v. Crist*, 315 F. App'x 231, 232 (11th Cir. 2009) (citing *31 Foster Children v. Bush*, 329 F.3d 1255, 1274 (11th

Cir. 2003)). "Federal courts have consistently recognized this limitation on enjoining state criminal prosecutions unless one of a few narrow exceptions is met." *Hughes*, 377 F.3d at 1263 (footnote call number omitted). These narrow exceptions include when "(1) there is evidence of state proceedings motivated by bad faith, (2) irreparable injury would occur, or (3) there is no adequate alternative state forum where the constitutional issues can be raised." *Id.* at 1263 n.6 (citation omitted). Plaintiff does not assert an entitlement to any of these exceptions; accordingly, the *Younger* abstention doctrine applies in this case, and this Court will not interfere in Plaintiff's ongoing state criminal proceedings.

Even if abstention was not warranted, Plaintiff has not shown that he is entitled to federal habeas relief. "The Eighth Amendment to the Constitution, applicable to the States through the Due Process Clause of the Fourteenth Amendment, . . . provides that '[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted.'" *Campbell v. Johnson*, 586 F.3d 835, 842 (11th Cir. 2009) (quoting *Baze v. Rees*, 553 U.S. 35, 47 (2008)). "Although the Excessive Bail Clause does not guarantee a right to bail, it does guarantee that any bail imposed 'not be excessive in light of the perceived evil.'" *Campbell*, 586 F.3d at 842 (quoting *United States v. Salerno*, 481 U.S. 739, 754 (1987)). "[T]he only issue to be resolved by a federal court presented with a habeas corpus petition that complains of excessive bail is whether the state judge has acted arbitrarily in setting that bail." *Simon v. Woodson,* 454 F.2d 161, 165 (5th Cir. 1972) (citations omitted).[3] To overturn the releasing authority's bail determination, the Court must find that such determination was "beyond the range within which judgments could rationally differ in relation to the apparent elements of the situation." *Id.* (quotation omitted).

---

[3] "[D]ecisions of the United States Court of Appeals for the Fifth Circuit . . . , as that court existed on September 30, 1981, handed down by that court prior to the close of business on that date, . . . [are] binding [] precedent in the Eleventh Circuit[.]" *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1207 (11th Cir. 1981).

Here, Plaintiff alleges no facts that would permit the Court to conclude that a judge acted arbitrarily in setting the bail amount in his case; thus, this claim must fail. Moreover, to the extent Plaintiff argues that the state court set his bail in violation of Florida law and the Florida Constitution, that claim is not cognizable on federal habeas review because it fails to assert a violation of a federal constitutional right. *Wainwright v. Goode*, 464 U.S. 78, 83 (1983) ("[F]ederal courts may intervene in the state judicial process only to correct wrongs of a constitutional dimension." (citations omitted)); *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.") (citation omitted). A violation of state law or rule of procedure itself, is not a violation of the federal constitution. *See Wallace v. Turner*, 695 F.2d 545, 548 (11th Cir. 1982); *Branan v. Booth,* 861 F.2d 1507, 1508 (11th Cir. 1989).

### D.  Legally Insufficient Motion for Leave to Proceed *in forma pauperis*

Finally, Plaintiff's Motion for Leave to Proceed *in forma pauperis* is legally insufficient. "A prisoner who seeks to proceed [*in forma pauperis*] must comply with the requirements of 28 U.S.C. § 1915(a)." *Bourassa v. Dozier*, 832 F. App'x 595, 597 (11th Cir. 2020). Under § 1915(a), a plaintiff must "submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint[.]" 28 U.S.C. § 1915(a)(2). Plaintiff has failed to do so. *See* ECF No. [3].

### IV. CONCLUSION

For the foregoing reasons, it is **ORDERED AND ADJUDGED** that Plaintiff Michael Felix's Complaint, **ECF No. [1]**, is **DISMISSED WITHOUT PREJUDICE**, and his Motion for Leave to Proceed *in forma pauperis*, **ECF No. [3]**, is **DENIED**. The Clerk shall **CLOSE** the case.

Case No. 23-cv-24717-BLOOM

**DONE AND ORDERED** in Chambers at Miami, Florida, on December 19, 2023.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Michael Felix, *PRO SE*
230129858
Miami-Dade County-PDC
Pretrial Detention Center
Inmate Mail/Parcels
1321 NW 13th Street
Miami, Florida 33125